UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                             Case No. 1:08-cr-119-01

v                                                     HON. JANET T. NEFF

TARLOCHAN SINGH GURON,

    Defendant.
_____ /

**OPINION**

Pending before the Court is defendant's Motion for Attorney Fees and Costs pursuant to the Hyde Amendment (Dkt 256) and his related "Discovery Demand" (Dkt 259). For the reasons stated by the government in its response in opposition to defendant's Hyde claim, as discussed below, the Court determines that defendant has not met his burden of demonstrating that he is either eligible for or entitled to obtain attorney fees and costs from the government. Accordingly, defendant's Motion for Attorney Fees and Costs and his Discovery Demand are both denied.

**I. BACKGROUND**

This case involved the seizure of 63.13 kilograms of powder cocaine in southern Michigan on April 29, 2008. Defendant and two co-defendants, Surinder Singh Dhaliwal and Baljit Singh, went to trial on charges of conspiracy to distribute more than 5 kilograms of cocaine in violation of

federal law. The trial was relatively long,[1] with more than a dozen witnesses. On September 30, 2008, a jury convicted defendants Guron and Dhaliwal. The jury returned a verdict against defendant Singh on October 1, 2008.

On April 15, 2009, before his sentencing, defendant filed a motion for a new trial (Dkt 196). Defendant argued that the government breached its obligations under *Brady v. Maryland*[2] in failing to provide information that defendant opined would have lent credence to his position at trial that he had reported the discovery of cocaine to the owner of the trucking company that employed him, Karmajit (a/k/a Karam) Gill, and that Gill contacted the Royal Canadian Police in Windsor, which subsequently contacted United States Immigration and Customs Enforcement.

The government determined that it had been "in possession of information which may have corroborated the claim of this defendant that he presented at trial, that he himself provided the information which led to his arrest and this Indictment" (Dkt 236). The government acquiesced in the relief requested and further indicated that, once a new trial was granted, the government would move to dismiss the Indictment (*id.*).

On May 25, 2009, this Court granted defendant's motion for a new trial (Dkt 238), and the government moved to dismiss the Indictment under Federal Rule of Criminal Procedure 48(a) "for the reasons stated in its response to the motion for a new trial" (Dkt 240). Defendant filed a response, concurring in the government's motion to dismiss (Dkt 241). Neither party requested this

---

[1]The length of trial was significantly affected by the need for complete language translation, from English to Punjabi and from Punjabi to English, of all facets of the trial proceedings.

[2]373 U.S. 83 (1963).

2

Court to dismiss the Indictment with prejudice, and this Court granted the uncontested motion on May 27, 2009 without indicating whether the dismissal was with or without prejudice (Dkt 245).

On June 11, 2009, defendant filed this motion for an award of attorney's fees and costs pursuant to the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes) (Dkt 256). Defendant attached to his motion a Declaration of Net Worth and an Itemized Statement of Attorney Fees and Costs. Defendant claims that "[i]n essence, this case reveals that [the government] took a call from Canadian authorities, NEVER disclosed to Defense that Guron called Gill, who then called the Canadian authorities, then claimed at Trial that the caller was unknown as to both being Gill or Guron, and then realized that Gill could corroborate Guron's claim, told him to not show and then shifted the burden back to Defendant Guron by claiming 'where is his proof'" (Dkt 256 at 2). Defendant concludes that while he can "never be made whole, the Hyde Amendment provides that he should at least recoup reasonable attorneys' fees and costs that he incurred in defending this unjust and abusive prosecution" (*id.* at 2-3).

On June 26, 2009, defendant filed a demand for discovery in support of his Hyde claim, seeking "all additional evidence and materials acquired by" the government before and since trial, including: records of telephone calls to Gill; records of telephone calls from Gill to the Assistant United States Attorney who prosecuted defendant or to any investigator on the case; and "all" reports, memoranda and notes of government contacts with Gill (Dkt 259 at 1-2).

The government filed a response to defendant's Discovery Demand, arguing that defendant was not entitled to discovery and that, in any event, his demand was premature because this Court had not yet decided whether defendant met certain legal thresholds for his Hyde claim (Dkt 276).

3

The government, which had received an extension of time in which to respond, filed a response in opposition to defendant's Motion for Attorney Fees and Costs on August 31, 2009 (Dkt 291). The government argues that defendant cannot establish *any* of the elements of a Hyde claim.

On September 17, 2009, defendant filed a reply addressing both of the government's responses (Dkt 298). On September 23, 2009, the government supplemented its response to defendant's Motion for Attorney Fees and Costs (Dkt 302).

Having carefully considered these written submissions and being fully familiar with the trial record in this case, the Court determines that oral argument is unnecessary. *See* W.D. Mich. LCrimR 47.1(d).

## II. ANALYSIS

**A.     Relevant Law**

The Hyde Amendment was enacted on November 26, 1997 as part of Public Law 105-119, and is found as a statutory note to 18 U.S.C. § 3006A. It provides, in relevant part, the following:

> During fiscal year 1998 and in any fiscal year thereafter, the court, in any criminal case ... pending on or after the date of the enactment of this Act, *may award* to a *prevailing party,* other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was *vexatious, frivolous or in bad faith, unless the court finds that special circumstances make such an award unjust.* Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of Title 28, United States Code. To determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera ... and evidence or testimony so received shall be kept under seal.

Pub. L. No. 105-119, § 617, 111 Stat. 2519 (1997) (reprinted in 18 U.S.C. § 3006a, Statutory Notes) (emphases added).

The key language requires the requesting party to establish that the position the government took in the prosecution was "vexatious, frivolous, or in bad faith." "The defendant bears the burden of meeting any one of the three grounds under the statute, and acquittal by itself does not suffice." *United States v. Isaiah,* 434 F.3d 513, 518-19 (6th Cir. 2006). The Hyde Amendment "places a daunting obstacle before defendants who seek to obtain attorney fees and costs from the government following a successful defense of criminal charges." *Id.* (quoting *United States v. True,* 250 F.3d 410, 423 (6th Cir. 2001)).

The Hyde Amendment expressly states that it is subject to the "procedures and limitations" of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which provides in pertinent part that "[a] party seeking an award of fees and other expenses shall, within thirty days of *final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a *prevailing party* and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B) (emphases added).

Whether to grant an award of attorney fees and costs is a decision within this Court's discretion. *See True,* 250 F.3d at 422 n.9 ("An abuse of discretion occurs when the lower court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. An abuse of discretion may also be found when the reviewing court is firmly convinced that a mistake has been made, i.e., when we are left with a definite and firm conviction that the trial court committed a clear error of judgment.") (internal quotation marks omitted).

5

**B.     Application to Defendant's Hyde Claim**

   **1.     *Not Eligible to Receive an Award***

The text of the Hyde Amendment, and its inclusion of the EAJA procedures and limitations, indicates two requirements for a party to be eligible to receive an award of attorney fees and costs from the government: (1) that there be a "final judgment" and (2) that the requesting party be the "prevailing party." The EAJA does not define "prevailing party," but "final judgment" is defined in the EAJA as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Sixth Circuit Court of Appeals has determined that a "'judgment' or 'decision' is final for purposes of appeal only 'when it terminates the litigation between the parties on the merits of the case.'" *United States v. Yeager,* 303 F.3d 661, 665 (6th Cir. 2002) (quoting *Parr v. United States,* 351 U.S. 513, 518 (1956)).

Defendant's motion glosses over both of these eligibility requirements. Although defendant recites that his request for attorney fees must be "filed within 30 days of the final judgment" (Dkt 256 at 3), he does not address whether there was, in fact, a "final judgment" issued in his case. Similarly, defendant's motion does not provide this Court with analysis of whether he is a "prevailing party." Defendant merely asserts that he is one (*id.*).

The government argues that the dismissal in this case was, effectively, without prejudice, and therefore the dismissal order is not a "final judgment" within the meaning of the EAJA and the Hyde Amendment (Dkt 291 at 7-11). The government also argues that in filing a motion for new trial, defendant never sought, much less secured, any relief that could qualify him for prevailing party status (*id.* at 13). As the EAJA does not define "prevailing party," the government relies on *Buckhannon Bd. and Care Home v. West Virginia Dep't of Health and Human Servs.,* 532 U.S. 598,

604 (2001), a Title 42 case where the Supreme Court observed that it had previously treated parties as having prevailed only in circumstances where the parties secured "enforceable judgments on the merits and court-ordered consent decrees." *See also Indep. Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 759 n.2 (1989) (indicating that "all fee-shifting statutes with 'prevailing party' language" are to be interpreted alike); *Heeren v. City of Jamestown,* 39 F.3d 628, 631 (6th Cir. 1994) (same). The government concludes that defendant has not obtained a judgment on the merits of his guilt or innocence and therefore has not satisfied the "prevailing party" eligibility requirement.

In his reply to the government's response, defendant raises, for the first time, an argument based on the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution. Specifically, defendant argues that the prohibition against double jeopardy precludes his re-indictment "where a jury verdict of guilty is entered with subsequent dismissal based on prosecutorial misconduct on trial evidentiary issues directly associated with defendant's guilt or innocence" (Dkt 298 at ¶ 2). From his analysis, defendant concludes "that the dismissal was effectively with prejudice and Mr. Guron is, in fact, by all measures, a 'prevailing party' who would be entitled to Hyde Amendment attorney fees" (*id.*).

As the government points out in its supplement (Dkt 302), defendant's double-jeopardy argument lacks merit. "The law is clear 'that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.'" *United States v. Koubriti,* 509 F.3d 746, 749 (6th Cir. 2007) (quoting *Lockhart v. Nelson,* 488 U.S. 33, 38 (1988)). *See also United States v. Smith,* 331 U.S. 469, 474 (1947) (observing that the request for a new trial "obviates any later

objection the defendant might make on the ground of double jeopardy"). In requesting a new trial after the jury's guilty verdict, defendant effectively waived any objection he might make on the grounds of double jeopardy.

Further, although the possibility seems remote, the government correctly posits that, where no contrary intent is clearly expressed, Rule 48(a) dismissals are without prejudice to a subsequent indictment. *See United States v. Reyes,* 102 F.3d 1361, 1367 (5th Cir. 1996); *United States v. Matta,* 937 F.2d 567, 568 (11th Cir. 1991); *United States v. Pope,* 574 F.2d 320, 327 (6th Cir. 1978); *United States v. Ortega-Alvarez,* 506 F.2d 455, 458 (2d Cir. 1974) (cited by the district court quoted in *United States v. Stapleton,* 297 Fed. App'x 413, 431, 2008 WL 4613579, \*16 (6th Cir. 2008)); *United States v. Davis,* 487 F.2d 112, 118 (5th Cir. 1973); *DeMarrias v. United States,* 487 F.2d 19, 21 (8th Cir. 1973); *United States v. Chase,* 372 F.2d 453, 463-64 (4th Cir. 1967) ("the authorities are replete that [a dismissal pursuant to Rule 48(a)] is without prejudice"). *See also* 3B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE CRIM. § 811 (3d ed. 2010) ("[a] dismissal properly taken under Rule 48(a) is without prejudice, and, within the period of the statute of limitations, a second indictment or information may be brought on the same charge.").

In *Yeager,* 303 F.3d at 665, the Sixth Circuit held that "the dismissal without prejudice did not prevent the government from prosecuting Yeager through another indictment" and therefore concluded that "the dismissal without prejudice is not an inherently final decision." In further support of its conclusion, the *Yeager* Court observed that "the Supreme Court has made clear that for purposes of a defendant's criminal appeal, a final decision exists only after the defendant has been sentenced, ... and because Yeager was not sentenced, there is no inherently final order for him to appeal." *Id.* (citing *Parr,* 351 U.S. at 518; *Berman v. United States,* 302 U.S. 211, 212 (1937)).

8

*See also Dortch v. United States,* 203 F.2d 709, 710 (6th Cir. 1953) ("It is ... settled law that a nolle prosequi and a dismissal without prejudice do not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal.").

Here, too, defendant was never sentenced, and the order of dismissal does not determine the merits of defendant's guilt or innocence. Further, the order does not preclude the government from re-prosecuting defendant on the same or related offense. As such, the order is not a "final judgment" as to defendant and does not cloak defendant with "prevailing party" status. Accordingly, defendant has not satisfied these threshold eligibility requirements for an award under the Hyde Amendment.

### 2. *Not Entitled to an Award*

Even assuming arguendo that defendant is a party eligible to receive an award of attorney fees and costs from the government, defendant has not satisfied his burden of meeting any one of the three grounds provided in the Hyde Amendment for holding the government responsible for his attorney fees and costs. Specifically, defendant must show that "the position of the United States was vexatious, frivolous or in bad faith."

Absent any definitions of these three terms within the Hyde Amendment, the Sixth Circuit Court of Appeals has defined the terms in the following manner. First, the Sixth Circuit has held that a government position is "vexatious" if it is brought "without reasonable or probable cause or excuse," *True,* 250 F.3d at 423, "for the purpose of irritating, annoying, or tormenting the opposing party," *United States v. Heavrin,* 330 F.3d 723, 729 (6th Cir. 2003). A "frivolous position" has been defined as "one lacking a reasonable legal basis or where the government lacks a reasonable expectation of [obtaining] sufficient material evidence by the time of trial." *Heavrin,* 330 F.3d at 729. "Bad faith" under the Hyde Amendment is not defined as "simply bad judgment or negligence,

9

but rather ... the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." *True,* 250 F.3d at 423.

Regarding the "vexatious" and "frivolous" prongs, defendant merely posits: "And that is what the government has conceded in its concurrence in Defendant's New Trial Motion, and the filing of the government's own motion to dismiss the indictment against him" (Dkt 256 at 5). Regarding the third prong, defendant's "argument" is only the conclusion that "the Government's prosecution of Defendant was in bad faith. The Government's position in prosecuting Defendant was obviously in bad faith and must be soundly condemned by our system of equal justice" (*id.*).

Despite the paucity of analysis from defendant, the government addressed the grounds for defendant's request at length (Dkt 291 at 15-22). Although it is unnecessary for the Court to address the grounds at any length, given defendant's failure to meet his burden, the Court provides the following brief reasons why the Court agrees with the government that its prosecution against defendant was not "vexatious, frivolous or in bad faith" such that defendant, even if eligible, is not entitled to obtain his attorney fees and costs from the government.

The government accurately points out that in acknowledging that a new trial was warranted based on the corroborating evidence that defendant was ultimately the source of information leading to his arrest, the government did not concomitantly acknowledge that its prosecution was frivolous, vexatious, or brought in bad faith. The Court agrees that the evidence corroborating defendant's claim at trial that he contacted Gill about the cocaine in another driver's truck in Utah is not evidence that renders the government's position either vexatious or frivolous. As the government points out in its response to defendant's motion, and repeatedly pointed out at trial, defendant's

explanation for why *he* later took possession of the cocaine, at the Michigan-Indiana border, i.e., that he did so under duress, had little evidentiary support. The dearth of evidentiary support for defendant's duress defense is indicated in the trial testimony references delineated by the government and in this Court's denial of defendant's motion for acquittal under Federal Rule of Criminal Procedure 29. *See United States v. Gugnani,* 178 F. Supp. 2d 538, 543 (D. Md. 2002) (denying Hyde fees and citing *United States v. Pritt,* 77 F. Supp. 2d 743, 747 (S.D. W.Va. 1999) ("[i]f a court denies a defendant's motion for acquittal at trial as to all counts, the prosecution cannot have been frivolous as a matter of law.")). The government had a reasonable belief that its evidence would be sufficient to support a jury verdict against defendant on the charge of conspiracy to distribute cocaine.

Defendant's bald conclusion that the government's position in prosecuting him was "obviously" in bad faith fails to satisfy the daunting task of showing that the government consciously pursued the action against him out of ill will or that it affirmatively operated with dishonest purpose or furtive design. The government specifically rejects the proposition that anyone on the prosecution team bore ill will toward defendant.

### 3. *Special Circumstances*

The government argues that defendant also cannot meet "the last requirement for his receipt of fees because there are circumstances showing an award of fees would be unjust" (Dkt 291 at 22). According to the government, if defense counsel was "really expecting Gill to come as a witness and really expecting Gill would be more helpful than harmful with his testimony," defense counsel's own pretrial and trial omissions are circumstances that would render an award of fees from the government unjust. *See, e.g., United States v. Bowman,* 380 F.3d 387, 390 (8th Cir. 2004) ("it would

11

be unjust to hold the Government responsible for the payment of fees that would have been avoided if Bowman had put the Government on notice of its mistake sooner"). The government highlights defense counsel's failure to secure Gill as a witness for trial, to place on the record his efforts to obtain Gill's appearance and testimony, to request a continuance, to mention the claim in his opening statement, or to ask any government witnesses about whether defendant was the source of the information that led law enforcement to perform surveillance of the truck carrying the cocaine in Utah. In this regard, the government also addresses the prosecutor's suggestive question in closing at trial – "If . . . Guron told . . . Gill that [Dhaliwal] had cocaine in his truck, wouldn't he come here and testify?" – opining that given defense counsel's omissions, the prosecutor's question was nothing more than "a question posed in the heat of battle."

Again, the Hyde Amendment provides that a court may award reasonable attorney fees and other litigation expenses, "where the court finds that the position of the United States was vexatious, frivolous or in bad faith, *unless* the court finds that special circumstances make such an award unjust" (emphasis added). The word "unless" in the Amendment indicates that the special-circumstances inquiry becomes relevant only where a prevailing party has successfully demonstrated that the position of the United States was vexatious, frivolous or in bad faith. *See generally* Ralph V. Seep, Annotation, *What constitutes "special circumstances" precluding award of attorneys' fees under Equal Access to Justice Act,* 106 A.L.R. FED. 191 (2010) (special-circumstances inquiry is a "safety valve"). *See also United States v. Gilbert,* 198 F.3d 1293, 1302 (11th Cir. 1999) (discussing legislative history of Hyde Amendment and observing that "a successful defendant must show that the government's position was 'vexatious, frivolous, or in bad faith,' and *even then* may not recover if there are special circumstances which make the award of fees unjust" (emphasis added)).

Here, where defendant has not demonstrated that he is a party eligible for an award of attorney fees and costs from the government nor satisfied any of the three grounds for the issuance of such an award, resolution of this motion does not oblige the Court to also delve into assessing defense counsel's pretrial preparations and trial performance to determine whether any omissions therein constitute "special circumstances" that would also preclude an award.

**C.     Application to Defendant's Discovery Demand**

The Hyde Amendment provides that, "to determine whether or not to award fees and costs under this section, the court, for good cause shown, may receive evidence ex parte and in camera ... [and] evidence or testimony so received shall be kept under seal."

The government asserts that defendant must draw his proofs solely from the existing record of the proceedings in which he claims the government pursued a frivolous, vexatious or bad faith case against him, that the Hyde Amendment was "simply not intended to result in a protracted proceeding requiring extensive judicial inquiry and fact-finding" (Dkt 291 at 15).  Defendant concedes, in his reply, that there is authority against allowing discovery in Hyde Amendment matters, but defendant argues that the "Amendment itself" permits this Court to order the disclosure of the requested information about the government's contacts with Gill (Dkt 298 at ¶ 3).

The Court has reviewed, under seal, the evidence previously provided by the government (Dkt 296).  Whether the Court has authority to allow discovery of any more materials need not be decided in this case as defendant has not met the legal thresholds for a Hyde claim.  Accordingly, the Court denies defendant's Discovery Demand.

### III. CONCLUSION

For the reasons set forth above, defendant has not demonstrated that he is eligible for an award of attorney fees and costs from the government, nor has he satisfied any part of the three-pronged "vexatious, frivolous, or in bad faith" standard to show entitlement for such an award. The Court therefore elects not to require the government to pay defendant's attorney fees and costs. Defendant's Motion for Attorney Fees and Costs (Dkt 256) and his related Discovery Demand (Dkt 259) are both DENIED. An Order consistent with this Opinion will enter.


Date: June 3, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge